|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

WILLIAM ROMIG, §
　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:12-CV-223
　　　　　　　　　　　　　§
WARDEN RIVERA, §
　　　　　　　　　　　　　§
　　　　Respondent. §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Romig, an inmate confined at the Federal Prison Camp at Florence Colorado, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court.

The respondent has filed a motion for summary judgment. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion be granted.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Petitioner challenges a prison disciplinary conviction which did not result in the loss of good conduct time credits. The magistrate judge concluded that as petitioner did not lose good conduct time credits, a finding in his favor would not have an effect on the fact or duration of his confinement. As a result, the challenge to the disciplinary proceeding was not cognizable in a petition for writ of habeas corpus.

In his objections, petitioner asserts that while he did not lose good conduct time credits, the disciplinary proceeding has an effect on the fact or duration of his confinement because the

Bureau of Prisons may rely on the disciplinary conviction to deny him placement in a community corrections center.

The United States Court of Appeals for the Fifth Circuit has concluded that if a favorable determination "would [not] automatically entitle [a petitioner] to accelerated release," then the claim should be pursued in a civil rights lawsuit rather than a habeas corpus petition. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (*per curiam*). Title 18 U.S.C. § 3621(b) makes the Bureau of Prisons responsible for determining where a prisoner serves his sentence, including how much of the sentence is served in a community corrections center. Section 3621(b) provides that the Bureau shall consider the following factors in making its determination: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristic of the prisoner; (4) any statement by the court that imposed the sentence: (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (b) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the United States Sentencing Commission. Petitioner asserts the Bureau will consider his disciplinary conviction when it assesses his history and characteristics.

Based on the number of factors the Bureau must consider in determining whether a prisoner should be allowed to serve a portion of his sentence in a community corrections center, it cannot be concluded that if the petitioner's disciplinary conviction were overturned, he would automatically be entitled to accelerated release or earlier placement in a community corrections center. Petitioner's disciplinary history will only be relevant to one of the five factors the Bureau must consider in determining where petitioner should be confined. As a result, petitioner's complaints about his disciplinary proceeding may not be pursued in a habeas petition.

## ORDER

Accordingly, petitioner's objections are **OVERRULED.** The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is

**ADOPTED**.  The respondent's motion for summary judgment is **GRANTED**.  A final judgment shall be entered dismissing the petition.

SIGNED at Beaumont, Texas, this 26th day of August, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE